UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER LYNN BERRY,

           Plaintiff,

vs.                             Case No.  2:11-cv-506-FtM-99DNF

TERESA SHEPARD, BILL CAMERON, and
DR. SAFFERON,

           Defendants.
_____/

**OPINION AND ORDER**

I.

This matter comes before the Court upon review of Defendant Cameron's Motion to Dismiss (Doc. #26, Motion), filed February 6, 2012. As of the date on this Order, Plaintiff has not filed a response, nor sought an extension of time, and the time to do so has expired.[1] Thus, the Court deems the Defendant's Motion ripe for review.

II.

Plaintiff Jennifer Berry initiated this action by filing a civil rights complaint form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 as a pre-trial detainee[2] at the Charlotte County

---

[1] The Court warned Plaintiff that she was responsible for filing a response when a Motion to Dismiss was filed within twenty-one days. See Doc. #17, ¶10. Plaintiff was further warned that upon expiration of the allotted time period, the Motion would be taken under advisement without further notice. Id.

[2] It is unclear whether Plaintiff is a pre-trial detainee, or was already convicted and serving a sentence at the county jail.
(continued...)

Jail. Plaintiff attached to her Complaint (Doc. #1-1, Exhibit) copies of her inmate medical request forms and inmate grievances. Plaintiff names the following Defendants: Teresa Shepard, "Head of Medical Department" at the Charlotte County Jail; Bill Cameron, Sheriff of Charlotte County; and, Doctor Safferon, Mental Health Doctor at the Charlotte County Jail. Complaint at 6-7.

Plaintiff states that since age 17 she was diagnosed as "bipolar" and with "ADHD." Id. at 8; see also Exhibit at 2. Plaintiff states that she arrived at the jail on July 29, 2011. Exhibit at 3. At some point after Plaintiff's arrival at the jail, the medical department denied Plaintiff her requested "medication"[3] on the basis that she had not been taking the medication for a year. Id. at 2. On August 28, 2011, Plaintiff states that she wrote a grievance to the jail's medical department to inquire about her medication. Complaint at 8. After submitting a medical request form, Plaintiff states she was placed on sick call on September 1, 2011, but claims jail staff never escorted her to the medical department because she requires two guards to escort her. Id.; Exhibit at 4.

---

[2](...continued)
See Complaint. Nevertheless, the Court will treat the Complaint as filed by a pre-trial detainee.

[3]Plaintiff fails to specify the name of her medication.

III.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, fn. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile

a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

A complaint must satisfy the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Conley v. Gibson, 355 U.S. 41 (1957). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating Conley, 355 U.S. 41 in part and stating that Conley did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Plaintiff is proceeding *pro se*, her pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d

1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

## IV.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dept. of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

Defendant Cameron, the Sheriff of Charlotte County, argues that the Complaint fails to state a claim against him in either his individual, or official capacities. Motion at 3-4. Specifically,

Defendant argues that the Complaint is devoid of any facts demonstrating that Defendant Cameron personally had any involvement in, or had any knowledge of, the alleged constitutional violations. Therefore, the Complaint fails to state an individual capacity claim against the Sheriff. Id. at 3. Additionally, Defendant Cameron argues that the Complaint fails to allege a custom, policy, or practice was the moving force behind the constitutional violation, which is required to state an official capacity claim. Id. at 3-4.

The Court agrees and finds Defendant Cameron's Motion to Dismiss must be granted. Indeed, the Complaint and exhibits attached thereto contain no allegations regarding Defendant Cameron's alleged involvement in the incident *sub judice*. Thus, the Complaint neither alleges that Cameron personally participated in the violation of Plaintiff's federal rights, nor a casual connection between Cameron and the violation of Plaintiff's rights. This case will continue, however, against Defendants Shepard and Safferon.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Cameron's Motion to Dismiss (Doc. #26) is **GRANTED**.

2. The **Clerk of Court** shall enter judgment and edit the docket accordingly.

**DONE AND ORDERED** at Orlando, Florida, on this \_\_2\_\_ day of April, 2012.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record